OPINION
James L. Dillbeck, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, finding that he is a sexual predator. We affirm.
On July 27, 1988, appellant pled guilty to committing rape, a violation of R.C. 2907.02. Appellant was sentenced to serve seven to twenty-five years in prison. Prior to being released from prison, the trial court held a sexual predator hearing on March 4, 1999. The court found "by clear and convincing evidence, that [appellant] should be and is hereby adjudicated a `sexual predator' subject to the requirements of Chapter 2950 of the Ohio Revised Code." Appellant appeals this decision and presents the following assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED AND DEPRIVED THE APPELLANT OF DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, BY ADJUDICATING THE APPELLANT AS A SEXUAL PREDATOR WHERE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE AND WHERE THIS FINDING IS AGAINST MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED AND DEPRIVED THE APPELLANT OF DUE PROCESS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION BY ADJUDICATING THE APPELLANT AS A SEXUAL PREDATOR PURSUANT TO OHIO REVISED CODE SECTION 2950.09 (C) WHICH IS UNCONSTITUTIONALLY VAGUE.
 ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED AND SUBJECTED APPELLANT TO DIFFERENT TREATMENT THAN A NON-INCARCERATED OFFENDER PURSUANT OT [SIC] O.R.C. 2950.09, IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2
OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR NUMBER FOUR
 APPELLANT'S ADJUDICATION AS A SEXUAL PREDATOR RESULTED FROM A DENIAL OF THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 AND 10 OF THE OHIO CONSTITUTION.
Appellant argues in his first assignment of error that the state failed to present sufficient evidence to support the trial court's finding that he is a sexual predator. Appellant also argues that the trial court's decision is against the manifest weight of the evidence.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2) (a through j). An appellate court in reviewing a finding that the appellant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard.State v. Worthy (Nov. 12, 1999), Franklin App. No. 99AP-260, unreported (1999 Opinions 4959, 4961).
 * * * Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. * * *
State v. Smith (June 22, 1999), Franklin App. No. 98AP-1156, unreported (1999 Opinions 1694, 1697-1698), following CincinnatiBar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122.
In the present case, the state presented evidence that appellant had pled guilty to a sexually oriented offense. Appellant had previously pled guilty to rape, which is defined as a "sexually oriented offense" pursuant to R.C. 2950.01(D)(1). The state also presented evidence concerning appellant's likelihood to engage in the future in one or more sexually oriented offenses by introducing: (1) a copy of appellant's indictment; (2) a copy of appellant's guilty plea form; (3) a copy of appellant's sentencing entry; and (4) a copy of appellant's parole board hearing file.
The parole board hearing file contains information concerning appellant's actions which resulted in his rape conviction. The victim was a fifty-one year old woman who was a roommate of appellant's girlfriend. On July 31, 1986, appellant visited the victim's apartment and asked whether his girlfriend was home. After being informed that she was not home, appellant "pushed his way into the apartment," removed his clothes, and then began kissing and fondling the victim. The victim told appellant on several occasions to leave her alone. The victim stated that she tried to yell but appellant put his hand over her mouth.
Appellant removed the victim's clothes and forced her to perform fellatio and submit to vaginal intercourse. The victim also stated that appellant then took her to a bedroom, pushed her onto the bed and performed cunnilingus on her. Appellant also "ransacked the dresser drawers" and took two wedding rings off of her fingers. The victim further stated that appellant told her that if "she called police he was going to kill her, and if he got put in jail, he would have his brother kill her." The victim sustained bruises and a cigarette burn from appellant.
The psychological report stated that appellant said "he used intimidation and manipulation to make her have sex with him, and indicated that he did the crime because he was `trying to prove I was a man.'"
The psychological report also states that appellant did not request sex offender programming while he was in prison. It further states that appellant has "significant gender identity issues." Appellant stated that he had been cross-dressing since he was twelve years old and that he feels "like I am a woman, [but] I don't have a woman's body" and that he actually feels like he is a woman trapped in the wrong body. Appellant claimed that the rape occurred in part "because he had also been so angry, because of the conflict inside of him." The psychological report concluded that appellant had a gender identity disorder and adult antisocial behavior.
The parole board hearing file also included a list of appellant's convictions prior to his rape conviction. In 1971, appellant was sentenced to serve one to ten years in prison for possession of a narcotic drug and for armed robbery. In 1973, appellant was sentenced to serve one to five years in prison for assault, battery, possession of a sawed off shotgun, and carrying a weapon without a permit. In 1976, appellant was sentenced to consecutively serve two ten year terms for two counts of armed robbery. Appellant was also found guilty of possession of marijuana in 1984, resisting arrest in 1985, attempted theft of a motor vehicle in 1986, and disorderly conduct in 1986. In exchange for his plea of guilty for rape, the state dismissed charges of kidnapping, gross sexual imposition, robbery, intimidation, and two counts of rape.
A review of the trial court's decision shows that the trial court extensively commented on each of the factors listed in R.C. 2950.09(B)(2) (a through j). The court concluded that appellant's "history of criminal activity coupled with the diagnosis of antisocial personality disorder means that the risk of recidivism by [appellant] is both real and probable."
After having reviewed the record, we find that sufficient evidence was presented to support the trial court's determination that appellant was a sexual predator. Appellant's past criminal conduct, the details of the rape, and his admission that the rape was committed "because he had also been so angry, because of the conflict inside of him," combined with the conclusions of the psychological report, was sufficient evidence to show that appellant is likely to engage in one or more sexually oriented offenses.
Appellant also argues that the trial court's sexual predator determination was contrary to the manifest weight of the evidence. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. State v.Clemons (1998), 82 Ohio St.3d 438, 444, certiorari denied (1999), ___ U.S. ___, 119 S.Ct. 816; State v. Buterbaugh (Sept. 16, 1999), Franklin App. No. 98AP-1093, unreported (1999 Opinions 3495, 3509). In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of the conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380,387. Following a review of the entire record and weighing the evidence and all reasonable inferences, we find that the trial court's decision was not against the manifest weight of the evidence. Accordingly, appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that R.C. 2950.09(C) is unconstitutionally vague. Appellant claims that: (1) the statute "can capriciously subject some inmates to the punishment of O.R.C. 2950 et.seq., while others can arbitrarily avoid the process in its entirety"; (2) the statute does not provide a definition of what is considered "clear and convincing evidence"; and (3) R.C. 2950.09 does not allocate who has the burden of proof in the hearings. We will address each of appellant's arguments in the order they have been presented.
Appellant argues that R.C. Chapter 2950 can be applied differently to prisoners since "the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator." R.C.2950.09(C)(1). Appellant contends that "[t]heoretically, if the [Ohio Department of Rehabilitation and Correction] is confronted with two offenders convicted of the same sexually oriented crime with similar backgrounds and similar relevant factors, [it] could issue a recommendation that one of the offenders be adjudicated a sexual predator, but not the other offender."
The flaw in appellant's argument is that decisions concerning whether individuals should be subjected to civil and/or criminal proceedings occur daily. For example, prosecutors regularly decide whether to indict individuals. An argument could be made that "theoretically" it is possible that a prosecutor may seek to prosecute an individual based upon certain evidence, while another prosecutor having similar evidence may decide to not indict another individual.
Simply because "theoretically" there is a possibility that the Ohio Department of Rehabilitation and Correction may recommend one offender to be adjudicated a sexual predator and not another offender with similar circumstances, is not a sufficient reason to find R.C. Chapter 2950 vague and unconstitutional. "Where a court finds that the complainant's conduct fell within the statute's proscriptions, the complainant may not then rely upon hypothetical situations to demonstrate the unconstitutional vagueness of the statute." State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported. Additionally, the ultimate decision on whether an individual is adjudicated a sexual predator is dependent upon the court, and "the court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator." R.C. 2950.09(C)(2)(a).
Appellant also argues that R.C. Chapter 2950 is vague because the statute does not provide a definition of what is considered "clear and convincing evidence." However, another appellate court has held that "[t]here is nothing vague about the clear and convincing standard of proof and it[s] application to the issue of whether an offender is likely to commit another sexually oriented offense in the future." State v. Leftridge
(Apr. 1, 1999), Cuyahoga App. No. 73029, unreported.
Appellant further argues that R.C. 2950.09 is unconstitutionally vague because it does not allocate who has the burden of proof in the hearings. Appellant claims that without an allocation of proof in the statute, it "could create situations where a defendant might bear the burden of proof in some courts, but not in others." This scenario is highly unlikely and appellant has failed to provide evidence that any Ohio court has ever shifted the burden of proof in a sexual predator hearing to the offender. Our court while previously reviewing this same issue stated: "Obviously, it is the State of Ohio that bears the burden of proving, by clear and convincing evidence, that the inmate is a sexual predator for purposes of the statute." Statev. Chappell (Feb. 24, 1998), Franklin App. No. 97APA04-543, unreported (1998 Opinions 357, 366), dismissed (1999), 85 Ohio St.3d 1405. Another appellate court stated:
 We do not find R.C. Chapter 2950 to be unconstitutionally vague. The statutory scheme provides meaningful and detailed guidance as to the procedures for conducting R.C. Chapter 2950 proceedings. The standard of proof is clear and convincing evidence; therefore, the state must prove that the offender is a sexual predator by this standard of proof before the court can make a finding that the offender is such a predator.
State v. McIntyre (Feb. 1, 1999), Stark App. No. 97CA00366, unreported. Accordingly, appellant's second assignment of error is overruled.
Appellant argues in his third assignment of error that R.C. 2950.09 violates the Equal Protection Clause of the United States and Ohio Constitutions. Appellant contends that since those "convicted of sexually oriented offenses, but no longer in custody by virtue of being granted parole, probation or final release are not subject to [sexual predator hearings] [,] [s]uch distinction is without justification." However, this court has already addressed this issue in Chappell where we found that R.C.2950.09(C)'s differential treatment does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the comparable guarantee of Section 2, Article I, of the Ohio Constitution. Chappell, at 361-363. Appellant's third assignment of error is overruled.
Appellant argues in his fourth assignment of error that he was denied his right to effective assistance of counsel because appellant's counsel: (1) stipulated to the state's evidence, (2) failed to proffer any evidence or testimony on behalf of appellant, and (3) apparently failed to institute a strategy at the hearing "to try and avoid an adjudication of the Appellant."
"In order to prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's performance fell below an objective standard of reasonableness and, in addition, that prejudice arose from counsel's deficient performance." State v. Goff (1998), 82 Ohio St.3d 123, 139, certiorari denied (1999), ___ U.S. ___, 119 S.Ct. 2402, followingStrickland v. Washington (1984), 466 U.S. 668, 687-688,104 S.Ct. 2052. "The burden rests upon appellant to show how counsel breached the duty to provide reasonable representation." State v.Heer (Sept. 24, 1998), Franklin App. No. 97APA12-1670, unreported (1998 Opinions 4464, 4478), dismissed (1999), 84 Ohio St.3d 1501. Appellant must show that he was prejudiced by counsel's conduct, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. State v. McGuire (Apr. 20, 1998), Preble App. No. CA97-06-015, unreported, dismissed (1998), 83 Ohio St.3d 1428.
A review of appellant's assignment of error shows that he fails to argue how he was prejudiced by his counsel's actions. Appellant does not argue that if counsel had objected to the introduction of the state's evidence, that there was a reasonable probability that it would have been excluded. While appellant argues that his counsel should have presented mitigating evidence, appellant fails to point out what evidence would have been beneficial to him in the hearing. As stated by another appellate court, "[w]e do not know whether such evidence exists." State v.Combs (Apr. 16, 1999), Miami App. No. 98-CA-42, unreported. Additionally, a review of the record shows that appellant's counsel used trial strategy in attempting to argue that the state's evidence "does not have a strong probative value on the issue of future dangerousness." Accordingly, we find that appellant has failed to demonstrate that his trial counsel was ineffective. Appellant's fourth assignment of error is overruled.
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.